UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANET FABER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:  1:17-cv-02862 |
| | ) | |
| INTAT PRECISION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Ms. Janet Faber, hereinafter Ms. Faber, by counsel, pursuant

to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Intat Precision Inc.,

hereinafter Defendant, and shows the Court the following:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343

   and 1345. This is an action authorized and instituted pursuant to the Americans with

   Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101et seq., Title VII of the Civil Rights

   Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, Age

   Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

   ("ADEA"),Retaliatory Discharge for exercising a statutorily conferred right pursuant to

   *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973), and

   violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed

   within the jurisdiction of the United States District Court for the Southern District of

Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Faber, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about January 2017, Ms. Faber filed charges of Disability Discrimination, Age Discrimination, Retaliation for asserting her rights under the ADA and FMLA along with failure to comply with FMLA against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2017-01179.

8. On or about May 22, 2017, Ms. Faber received a Notice of Right to Sue from the EEOC for Charge Number 470-2017-01179, entitling her to commence action within ninety (90)

2

days of her receipt of the Notice. A copy of the Notice is attached hereto and

incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above

referenced Notice of Right to Sue from the EEOC.

## **FACTS**

10. The Defendant hired Ms. Faber on or about December, 2014.

11. Throughout her employment with Defendant, Ms. Faber met or exceeded Defendant's

legitimate expectations of performance.

12. On or about December 6, 2016, Ms. Faber sustained an injury at work.

13. After her injury Ms. Faber was asked if she thought Intat was "the right fit" for her.

14. Ms. Faber was also told by Ron Ellis that he felt "it was not safe" for Ms. Faber to be at

the facility because "it seemed her condition was not getting better."

15. While informing Ms. Faber that he felt it was no longer safe for her to work at Intat, Mr.

Ellis also stated that he used to work in factories all the time too but he is now "too old"

for that.

16. Ms. Faber was off of work from January 18-24, 2017 and scheduled to return to work on

January 25, 2017.

17. Ms. Faber spoke to Ron Ellis prior to her return to work and he advised that he wanted to

meet with her on January 26, 2017.

18. Mr. Ellis terminated Ms. Faber on January 26, 2017.

19. Mr. Ellis informed Ms. Faber she was being terminated for misleading and falsely

presenting FMLA.

20. Ms. Faber previously used FMLA to help care for her elderly mother.

21. Ms. Faber also sustained a work injury that was FMLA eligible.

22. Mr. Ellis alleged that Ms. Faber's FMLA paperwork did not match the medical documentation.

23. Ms. Faber never used her FMLA for anything other than to care for her mother or for time off due to her disability.

24. The Defendant did not attempt to speak to Ms. Faber about any discrepancies in her FMLA paperwork.

25. The Defendant did not attempt to communicate with Ms. Faber about any of his concerns surrounding her disability and need for FMLA.

26. The Defendant and Mr. Ellis were well aware of Ms. Faber's disability because it was a work injury and therefore, they were on notice of an FMLA qualifying event/disability.

27. The Defendant was on notice that Ms. Faber had a disability.

28. The Defendant failed to communicate with Ms. Faber about her disability and needed accommodations.

29. The Defendant failed to accommodate Ms. Faber's disability.

30. The Defendant intentionally discriminated against Ms. Faber as a result of her disability.

31. The Defendant intentionally terminated Ms. Faber in retaliation for seeking benefits under Indiana's worker's compensation laws.

32. Ms. Faber was FMLA eligible for both her personal disabilities and the care of her mother.

33. The Defendant intentionally retaliated against Ms. Faber for her lawful use of FMLA benefits.

34. The Defendant failed to communicate with Ms. Faber about any questions concerning her FMLA paperwork.

35. The Defendant stated that it was no longer safe for Ms. Faber to work at Intat.

36. The Defendant implied that she was too old to safely work at Intat.

37. The Defendant intentionally discriminated against Ms. Faber due to her age.

## <u>COUNT I</u>

## <u>DISCRIMINATION ON THE BASIS OF A DISABILITY</u>

Ms. Faber, for her first claim for relief against Defendant, states as follows:

38. Ms. Faber hereby incorporates by reference paragraphs 1 through 37 as though previously set out herein.

39. At all times relevant to this action, Ms. Faber was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

40. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Faber's disability.

41. The Defendant failed to communicate with Ms. Faber concerning her disability as required by the ADA.

42. The Defendant intentionally and willfully discriminated against Ms. Faber because she is disabled and/or because Ms. Faber has a record of being disabled and/or because the Defendant regarded Ms. Faber as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

43. Defendant's actions were intentional, willful and in reckless disregard of Ms. Faber's rights as protected by the ADA and Title VII.

44. Ms. Faber has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## FAMILY MEDICAL LEAVE ACT

45. Ms. Faber hereby incorporates by reference paragraphs 1 through 44 as though previously set out herein.

46. The Defendant was aware that Ms. Faber had an FMLA qualifying injury/event.

47. The Defendant was aware that Ms. Faber had previously used FMLA to help care for her mother.

48. The Defendant was aware that Ms. Faber was missing work due to a disability.

49. The Defendant failed to communicate with Ms. Faber regarding any concerns or discrepancies related to her FMLA leave.

50. The Defendant terminated Ms. Faber in retaliation for seeking lawful benefits under FMLA.

51. Defendant's termination of Ms. Faber was in violation of her rights under the FMLA.

52. Defendant failed to give Ms. Faber notice of her rights under the FMLA.

53. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Ms. Faber's legal rights under the FMLA.

54. Ms. Faber has suffered emotional and economic damages as a result of Defendant's unlawful acts.

## COUNT III

## RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

55. Ms. Faber hereby incorporates by reference paragraphs 1 through 54 as though previously set out herein.

56. Ms. Faber sustained work related injuries during her employment with Defendant.

57. The conduct as described hereinabove constitutes retaliation on the basis of Ms. Faber lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

58. Defendant intentionally and willfully refused to accommodate Ms. Faber's disability caused by her work injury and failed to allow her to return to his employment in retaliation for her seeking his lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

59. Defendant's actions were intentional, willful and in reckless disregard of Ms. Faber's rights under Indiana Law.

60. Ms. Faber has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT IV

## AGE DISCRIMINATION

61. Ms. Faber hereby incorporates by reference paragraphs 1 though 60 as though previously set out herein.

62. Ms. Faber is a female over the age of forty.

63. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Faber's age.

64. Defendant intentionally and willfully discriminated against Ms. Faber because of her age. Similarly situated younger individuals were treated more favorably in the terms, privileges and conditions of their employment.

65. Defendant's actions were intentional, willful and in reckless disregard of Ms. Faber's rights as protected by the ADEA.

66. Ms. Faber has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Ms. Faber, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Faber her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Ms. Faber all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Ms. Faber all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ms. Faber, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
David W. Stewart 14968-49
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
David@getstewart.com
Attorneys for Plaintiff